**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30454

(Summary Calendar)
_____

VINCENT LAPRIME,

Plaintiff-Appellant,

versus

CHARLES C FOTI, JR; BORDELON, Warden;
RUDY BELISLE, Assistant Warden; J LECOUR,
Chief Warden; DEPUTY SCARBROUGH; DAVID
WALTERS, JR, Deputy; THELMA DAVIS;
DONNA RAULS; L PEARCE; DR LOFONTANT,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-3709-A)

---

September 26, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Vincent Laprime, a state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his civil rights action.  We affirm.

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On November 5, 1995, Laprime filed the instant action pursuant to 42 U.S.C. § 1983,[2] alleging that Foti, Sheriff of Orleans Parish, and other employees of the sheriff's department violated his civil rights when they failed to transport him to physician-ordered medical appointments, ignored his requests for medical treatment, provided him with inadequate medical treatment, confined him to cell areas in which he was susceptible to injury by other inmates, and exacerbated existing injuries to his hands and wrists through the use of excessive force. Laprime's complaint alleges that the injuries of which he complains occurred between August 4, 1993, and September 21, 1994. Laprime also contends that these actions necessitated surgery on one of his wrists on November 14, 1994.

The district court referred to a magistrate judge Defendants' motion to dismiss for failure to state a claim. The magistrate judge issued a report and recommendation advising dismissal of Laprime's complaint with prejudice for failure to comply with the applicable statute of limitations. The district court adopted the report and recommendation over Laprime's objections.

---

[2] The magistrate judge used November 5, 1995, as the date Laprime filed his complaint because that was the date on which Laprime signed the complaint, and thus presumably delivered it to prison officials. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), *reh'g and suggestion for reh'g en banc denied*, 77 F.3d 481 (5th Cir. 1995) (holding that complaint is filed as of date prison authorities receive complaint from plaintiff for forwarding to clerk of court). Laprime does not challenge this date.

II

Laprime argues that the district court erroneously dismissed his claim for failure to satisfy the applicable statute of limitations. He contends that his cause of action did not accrue until at least the date of his surgery because on that date he became aware of "critical facts" regarding "how the surgery would be performed." Laprime also asserts that he learned that he would be permanently disabled as a result of the surgery only after it was performed. We review *de novo* a district court's grant of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995).

There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Rather, "[i]t is well established that federal courts borrow the forum state's general personal injury limitations period." *Id.* In Louisiana, the applicable period is one year. LA. CIV. CODE ANN. art. 3492 (West 1994); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *see also* *Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989) ("Since article 3492 is Louisiana's only statute of limitations for personal injury actions, we find no error in the district court's application of that article's one-year prescriptive period to Elzy's § 1983 action.").

Although we look to Louisiana law to determine the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under federal law, a cause of action arises when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Id.* "The statute of limitations therefore begins to run when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury . . . .'" *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Here, Laprime's complaint alleges that Defendants injured him on various dates between August 4, 1993, and September 21, 1994. He alleges no civil rights violations subsequent to September 21, 1994. Moreover, Laprime alleges that on September 21, 1994, his physicians informed him of the need for surgery. As a result, Laprime's cause of action accrued at the latest on September 21, 1994.

Laprime's contention that his cause of action accrued on the day of his November 14, 1994, surgery has no merit. Facts regarding "how the surgery would be performed" and Laprime's subsequent realization that he would be permanently disabled as a result of the surgery pertain to the consequences of the alleged civil rights violations, not to the alleged violations themselves. As noted, a cause of action under § 1983 accrues

when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Gartrell*, 981 F.2d at 257. The allegations of Laprime's complaint reveal that he knew of his wrist and hand injuries as early as August 4, 1993, and as late as September 21, 1994.  Accordingly, the § 1983 action Laprime filed on November 5, 1995, was untimely and the district court properly dismissed it.

AFFIRMED.